## STATE *versus* PHINNEY.

In a complaint charging a misdemeanor, the defendant is not precluded from traversing any material allegation, though made under a *videlicet*.

EXCEPTIONS from the District Court, COLE, J.

The defendant was prosecuted by complaint for selling spirituous " *liquor, not imported, viz., to Davis, one glass.*" He moved the court to quash the indictment, and after a conviction he moved that judgment be arrested. The reasons offered for the motions were —

1. That the facts charged do not amount to an offence.

2. That the allegations coming before the *videlicet* do not describe an offence.

3. That the allegations coming after the *videlicet*, cannot aid the allegations going before it.

The motions were overruled, and the defendant excepted.

*A. B. Holden* and *A. W. True*, for the defendant.

1. The charging part of the allegation in the complaint should state the name of the person to whom the liquor was sold. *Commonwealth* v. *Drew*, 21 Pick. 334 ; *same* v. *Philips*, 16 Pick. 211.

2. The substantive charge in the complaint, cannot be enlarged by matter under the *videlicet*. Such matters are not traversable. *Paine* v. *Fox*, 16 Mass. 132 ; 1 Chitty's Plead. 644, 349, 351 ; *Darkin's case*, 2 Saunders, 290, and cases cited in the notes to that case.

*Tallman, Attorney General,* declined answering.

TENNEY, J., orally. — The complaint is of peculiar structure. It is not certain that it contains a *videlicet ;* we consider it rather a repetition. But counsel assume it to be a *videlicet,* and rely on some authorities. That in 21st Pick. is inapplicable. It relates only to the purchaser's name, and that from 16th Mass. relates only to the time.

The counsel supposes that what comes under a *videlicet* cannot be traversed. But that is not *now* considered to be the law. Every *material* fact, though laid under a *videlicet,* is traversable. 1 Chitty's Plead. (3d Amer. ed.) 586. The earlier doctrine is exploded.

*Exceptions overruled.*